IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-920-ALM-KPJ |
| BANK OF NEW YORK MELLON, AS TRUSTEE, *et al.*, | § § § § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Bank of New York Mellon's ("BoNYM") Motion for Summary Judgment (Dkt. 18) (the "Motion"). Plaintiff Kingman Holdings, LLC ("Plaintiff") has not filed a response to the Motion. Having considered the briefing, the summary judgment evidence, and the applicable law, the Court recommends the Motion (Dkt. 18) be **GRANTED**, and Plaintiff's claims be **DISMISSED**.

### I.  BACKGROUND

On October 6, 2021, Plaintiff filed the instant lawsuit in Texas state court. *See* Dkt. 3. On November 22, 2021, Defendants BoNYM and Comerica Bank ("Comerica" and together, "Defendants") removed this case to federal court. *See* Dkt. 1. On December 16, 2021, Plaintiff filed the amended complaint, which is the live complaint in this case, against Defendants. *See* Dkt. 7. On March 17, 2022, Plaintiff and Comerica filed a stipulation dismissing Comerica from the case. *See* Dkt. 17. On March 21, 2022, BoNYM filed the Motion. *See* Dkt. 18. On October 31, 2022, the Court ordered Plaintiff to file his response to the motion, if any, by November 7, 2022. *See* Dkt. 23. To date, Plaintiff has not filed a response to the Motion.

On February 2, 2021, Plaintiff purchased the property located at 5248 Jessica Lane, Frisco, Texas (the "Property"). *See* Dkt. 7 at 2. At the time of Plaintiff's purchase, BoNYM was the owner of: (1) an adjustable-rate note, executed by the previous owners of the Property to refinance their mortgage on the Property, which entitled BoNYM to repayment of the purchase price of the Property plus interest (the "Note"); and (2) a lien against the Property to secure those obligations (the "Lien"). *See id.* at 3; Dkt. 18 at 2. Plaintiff claims, "as the owner of an equity of redemption, it is entitled to sufficient information from [BoNYM] regarding the mortgage note secured by the dee[d] of trust." Dkt. 7 at 4. Plaintiff prays the Court "[d]ecree that [BoNYM] is required to provide such information to Plaintiff before taking any step to enforce the powers of sale under the deed of trust." *Id.* Plaintiff further asserts a quiet title claim, requesting, "[i]n the event that [BoNYM] is unable to demonstrate that it holds a valid subsisting lien, secured by an outstanding Note . . . the Court decree that [Plaintiff] holds the property free of such deed of trust." *Id.* at 4.

## II. LEGAL STANDARD

### A. Summary Judgment

"One of the principal purposes of . . . summary judgment . . . is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphases omitted). Substantive law identifies which facts are material. *Id.* at 248. A fact is "material" if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are

2

"irrelevant or unnecessary" do not affect the summary judgment determination. *Id.* Dispute over a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Trial courts "must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988)).

### B. Effect of No Response to Motion for Summary Judgment

"'A motion for summary judgment cannot be granted simply because there is no opposition . . . '" *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia*, 776 F.2d at 1279).

Nonetheless, the Court may grant summary judgment if the movant has made a prima facie showing that it is entitled to such relief. *See Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). The court may also accept as undisputed the facts set forth in support of the unopposed motion for summary judgment. *See id.*; LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

### III.   ANALYSIS

**A. Equity of Redemption**

Equity of redemption is a legal right recognized by Texas courts to provide relief against penalties and forfeitures that confront mortgagors. *Kingman Holdings, L.L.C. v. Bank of Am., N.A.*, No. 4:11cv33, 2011 WL 4431970, at *6 (E.D. Tex. Sept. 22, 2011) (citing *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ)). A party seeking equitable redemption must plead: (1) it has a legal or equitable interest in the property subject to the mortgage; (2) it is ready, able, or willing to redeem the property in controversy by paying off the amount of valid and subsisting liens to which the property is subject; and (3) it asserts the claim before foreclosure. *1401 Trail View Tr. v. Wells Fargo Bank, N.A.*, No. 4:15-cv-839, 2016 WL 7551716, at *2 (E.D. Tex. Aug. 5, 2016) (citing *Scott*, 783 S.W.2d at 28). To satisfy the second requirement, courts have required the plaintiff plead facts that it actually tendered money to the defendant. *See id.*; *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, L.L.C.*, No. 5:15-cv-1103, 2016 WL 247727, at *6 (W.D. Tex. Jan. 19, 2016); *9900 Coolidge Tr. v. Ocwen Loan Servicing, LLC*, No. 4:15-cv-79, 2015 WL 6522824, at *3 (E.D. Tex. Oct. 27, 2015).

Plaintiff has failed to satisfy the second requirement of his claim for equitable redemption. It has not pled, nor provided any evidence, that it is willing to pay off the Lien, let alone that it has tendered any money to Defendant to pay off the Lien. Further, on January 7, 2022, BoNYM provided Plaintiff with payoff information; however, Plaintiff has not tendered any portion of the loan amount. *See* Dkt. 18 at 5. Accordingly, Plaintiff's claim for equity of redemption should be dismissed.

### B. Quiet Title Claim

"A suit to quiet title 'is an equitable action that involves clearing a title of an invalid charge against the title.'" *Cruz v. CitiMortgage, Inc.*, No. 3:11-cv-2871, 2012 WL 1836095, at *4 (N.D. Tex. 2012) (quoting *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet. denied) (internal quotations omitted) (emphasis omitted)). To succeed on a quiet title action, Plaintiff must show: (1) it has an interest in the Property; (2) title to the Property is affected by a claim by Defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Cruz*, 2012 WL 1836095, at *4 (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)); *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-837-cv, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Plaintiff acknowledges the existence of the Note. *See* Dkt. 7 at 3 ("Defendant [BoNYM] claims ownership of the property as Instrument No. 20180515000589930."). Plaintiff apparently disputes the validity of BoNYM's ownership of the Note and asserts it is BoNYM's burden to "demonstrate that [BoNYM] holds a valid, subsisting lien, secured by an outstanding Note." *Id*. However, "[i]n a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Hahn v. Love*, 321 S.W. 3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title."). In the instant case, Plaintiff has not provided any evidence demonstrating the strength of his own title vis a vis Defendant's title. Further, along with its Motion for Summary Judgment, Defendant has submitted a copy of the Note, *see* Dkt. 18-1 at 129–34, the authenticity of which Plaintiff has not disputed. Accordingly, Plaintiff's quiet title claim should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 18) be **GRANTED**, and Plaintiff's claims be **DISMISSED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 9th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE